Cruzen v. Stephens.

## CRUZEN v. STEPHENS et al., Appellants.

### Division One, June 19, 1894.

| | |
|---|---|
| 123 | 337 |
| 126 | 129 |
| 61a | 619 |
| 123 | 337 |
| 129 | 131 |
| 131 | 229 |
| 123 | 337 |
| c146 | 432 |
| o149 | 583 |
| o150 | 331 |
| 123 | 337 |
| 88a | 559 |
| 123 | 337 |
| 93a ¹ | 44 |
| 123 | 337 |
| c94a ¹ | 23 |

1. **Practice:** ORDER OF PUBLICATION: COLLATERAL ATTACK. Service of process by publication addressed to "Etta R. Fisher and —— Fisher, her husband," is valid, as against a collateral attack.

2. ——: ——: TAX SUIT. Notice by publication in a tax suit is sufficient under Missouri Statutes, where it names the defendants so as to clearly indicate their identity.

3. ——: ——: RETURN "NOT FOUND:" COLLATERAL ATTACK. Under a law authorizing notice by publication on a return of "not found," "the court being first satisfied that process can not be served," an order of publication granted upon the unsworn statement of an attorney, is not, for that reason, void in a collateral proceeding.

4. ——: ——: ——: ——. Under such a law, the fact that the court acted by making the order, is enough to indicate that it was "satisfied" of the required fact, and verbal testimony, that the court acted upon an insufficient showing, is incompetent.

5. **Tax Suits:** NOTICES: PROCESS. In tax suits in Missouri notices and process are required to be served as in ordinary civil actions affecting real estate.

6. **Practice:** PUBLICATION, SURPLUSAGE IN. Surplusage in an order of publication does not vitiate it, if it be otherwise valid.

7. ——: ——. The decision in *Haywood v. Russell*, 44 Mo. 252, as to time of publication of notices, followed as a rule of property.

8. **Tax Judgment:** COLLATERAL ATTACK. A tax judgment is not void collaterally because each tract of land is not specially charged with the items of tax applicable to it on'y.

VOL. 123—22

9. ——: SHERIFF'S DEED. The sheriff's deed under a tax judgment, conveying all the estate which the grantor might sell under the judgment, *held*, valid in respect of form under the Missouri Statutes.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*J. E. Wait* for appellants.

(1) —— Fisher is no name, and the advertisement, order of publication and judgment are fatally defective. *Troyer v. Wood*, 96 Mo. 481; *Skelton v. Sackett*, 91 Mo. 379. (2) Publication of notice must be for four weeks, and not four insertions. *State ex rel. v. Tucker*, 32 Mo. App. 620, and the authorities therein cited; R. S. 1889, sec. 2028. (3) The court must be satisfied that the defendants are nonresidents, or that process can not be served. R. S., sec. 2020. This means judicially satisfied (by evidence), sec. 2024, R. S. 1889. (4) A judgment reciting due publication, must yield to the notice itself. *Adams v. Cowles*, 95 Mo. 501. (5) And equity will relieve from the judgment, notwithstanding it finds due publication. Freeman on Judgments [Ed. 1892], sec. 495. (6) The finding in the judgment that the "defendants were duly notified, according to law," is wholly insufficient, and gives the court no jurisdiction. *Moore v. Harris*, 91 Mo. 414; *Einstein v. Gay*, 45 Mo. 62. (7) The deed was fatally defective. It was not sufficient for a common law conveyance, and does not purport to convey either the interest of the state or defendants. Blackwell on Tax Titles, sec. 435, cited and approved in *Einstein v. Gay*, above cited. (8) All the records of the tax suit may be used to attack the deed. *Kinney v. Forsythe*, 96 Mo. 414. (9) Where a case is tried on

a certain theory below, the judgment ought not to be affirmed, because of a technical or doubtful pleading, when not raised in the court below, where it could have been amended. *Leigh v. Ins. Co.*, 37 Mo. App. 542. (10) Party in possession need not bring his suit within three years to avoid the deed, but may attack it when suit is brought against him. *Spurlock v. Dougherty*, 81 Mo. 171.

*Alexander & Richardson* for respondent.

(1) The judgment of the circuit court in the tax suits is conclusive on defendants as to the validity of the assessment, and can not be attacked in this proceeding. *State ex rel. v. Hunter*, 98 Mo. 386; *Allen v. Ray*, 96 Mo. 545; *Hill v. Sherwood*, 96 Mo. 125; *Jones v. Driskill*, 94 Mo. 190; *Allen v. McCabe*, 93 Mo. 138; *Bunn v. Walker*, 85 Mo. 262; *Wellshear v. Kelley*, 69 Mo. 343. (2) The objection that the judgment in a back tax suit is not against each tract separately for the amount found to be due on each, while erroneous, and subject to correction on error or appeal, it is not void; and the circuit court having jurisdiction of the person and subject-matter, the title of the purchaser at execution sale under such judgment is not affected by such error. *Jones v. Driskill*, 94 Mo. 190. (3) The order of publication was regularly made. R. S. 1889, sec. 7682. In this case a summons was first issued, and returned, *non est*, none of the defendants being found in Daviess county. The return of the sheriff is conclusive. *State ex rel. v. Finn*, 11 Mo. App. 400; same case, 87 Mo. 310. (4) The court in making the order of publication acts judicially, and when regularly made, the order of publication can not be attacked collaterally. *State ex rel. v. Finn, supra; Schmidt v. Niemeyer*, 100 Mo. 207; *Payne v. Lott*, 90 Mo. 676; *Wellshear v.*

*Kelley*, 69 Mo. 343; *Brawley v. Ranney*, 67 Mo. 280; *Rumfelt v. O'Brien*, 57 Mo. 569. A domestic judgment, rendered by a court of general jurisdiction, can not be impeached by the parties to it, merely because the record is silent as to the acquisition of jurisdiction. Such judgment is equally conclusive on the parties thereto, whether it recites, or whether it fails to recite, that jurisdiction has been acquired. *McClanahan v. West*, 100 Mo. 309; *Allen v. McCabe*, 93 Mo. 138. (5) The judgment in the tax suit is valid against William H. Lyle, George W. Lyle and Etta R. Fisher. Although John W. Fisher had been made party to the tax suit, and if for any reason the judgment was void as to him, it would still be binding as to the other parties thereto. The rule that a judgment, if void as to one, is void as to all, has no applicability to cases like this, where judgment is as to land. *Dickerson v. Chrisman*, 28 Mo. 134; *St. Louis v. Lanigan*, 97 Mo. 180; *Enos v. Capps*, 12 Ill. 255.

BARCLAY, J.—This is an action of ejectment for a tract of land in Daviess county. The petition is in ordinary, statutory form. R. S. 1889, sec. 4631.

The original defendant, Mr. Stephens (who was sued alone), answered, admitting his possession as tenant of the Lyle heirs. The latter also appeared and became parties defendant on their motion, viz., Messrs. W. H. Lyle and George W. Lyle, and Mrs. Etta R. Fisher and Mr. John Fisher, her husband.

They filed a separate answer, alleging possession of the land by their tenant, Mr. Stephens, and denying the other allegations of the petition.

They then charged that plaintiff's claim of title was under a judgment and sale in a certain tax suit, entitled, State ex rel. and to the use of N. B. Brown against "defendants in this answer," which suit terminated in

the same court at the February term, 1889; and that plaintiff had no other interest in the property.

The answer then continues thus:—

"That defendants herein are, and have ever been, since 1880, residents of Illinois, and had no information of said suit; that there was no allegation in said petition for taxes; that the defendants were nonresidents, nor was there any order of publication by this court, nor was the tax book, under which said suit was brought, ever examined and completed as required by law; and the said suit and execution, and the sale thereunder was, and is, wholly void; and defendants therefore pray that the said deed be set aside, and the cloud which is so made thereby on defendants' title be removed; that the defendants have title, to said land, subject to a certain mortgage not yet foreclosed; and defendants ask for such further orders, judgments and decrees as they may be entitled to."

To this answer the plaintiff filed a reply, consisting of a general denial.

Upon the trial it was admitted that the defendants, Lyle and Fisher, were the owners of the land, and that Stephens was their tenant, unless the proceedings in the tax suit, and sale thereunder, had transferred the title to plaintiff, in which event he should recover.

The monthly rents and profits were also agreed upon.

It was further stipulated that the sheriff's deed to plaintiff, under the tax sale, should be considered in evidence, subject to be finally received or rejected by the court, after hearing all the other evidence and the objections thereto by defendants.

The sheriff's deed was then produced in evidence, and plaintiff rested.

Defendants then offered the court record and all the papers in the tax suit.

It will not be necessary to set them out at length. The points at which fatal deficiencies therein are said to appear will be noted in the course of the opinion in connection with the discussion of the defendants' objections.

At the close of the testimony, the court overruled the objections to the sheriff's deed, and gave judgment for plaintiff.

Defendants then appealed, after taking the usual steps for a review.

1.    The first objection to the sheriff's deed, under the tax judgment, is that the defendants in the judgment were not in court, because the order of publication was granted without proper foundation.

The record shows that a writ of summons was issued, January 7, 1889, to all the defendants. The sheriff's return upon the writ was this:

"*Non est;* none of the within named defendants found in my said county."

Thereupon the court ordered publication, February 12, 1889 (at the February term), "it appearing to the court, among other things, that the defendants are nonresidents of this state, so that the ordinary process of law can not be served," etc., as the order states.

No affidavit of nonresidence of defendants was filed. Nor does the petition in that suit allege that fact.

Under the revenue law, all notices and process in suits for the collection of back taxes are required to be sued out and served in the same manner as in civil actions in the circuit court; and the proceedings against nonresident or other parties, on whom service can not be had by ordinary summons, shall be the same as now provided by law in civil actions affecting real estate, etc.    R. S. 1889, sec. 7682, same as section 6837 of 1879.

The sufficiency of the order of publication is hence to be determined by the rule applicable to that subject in the code governing ordinary actions.

The code provides that, in a case to enforce a lien on real property, when "summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants can not be found, the court, being first satisfied that process can not be served," shall make an order of publication against such defendants. Revised Statutes, 1889, section 2024, same as section 3496 in 1879.

Upon the return of "not found," on the summons to defendants, the court had power to grant the order of publication "being satisfied," as stated in the section last quoted.

The fact that the court made such an order, after the return of not found, is sufficient of itself to indicate that it was "satisfied" of the required fact. For it should be assumed of a court, in the absence of any showing to the contrary, that it acts in conformity to, not in violation of, the law.

Verbal testimony was put in by defendants, at the trial of this case, with a view to prove that the court made the order of publication without any legal evidence that process could not be served.

That verbal testimony was wholly incompetent for that purpose.

A judgment can not be collaterally impeached by such evidence of facts outside the record of the cause in which the judgment was rendered.

But, even accepting, for the moment, that verbal testimony, it amounts only to this: that the attorney, representing the collector in the tax suit, informally represented to the court that the defendants were nonresidents, after the sheriff's return had been made;

and thereupon the court entered the order of publication.

Those facts surely would not nullify the action of the court in that behalf when collaterally attacked.

If the court had power to act on proof of a given fact, its action upon the statement of it by an unsworn witness would not, for that reason alone, be entirely void, so as to render its judicial action a nullity when questioned collaterally. And if the court was satisfied that defendants were not residents of the state, it might logically and reasonably conclude that they could not be served with ordinary process.

Nor does the recital, in the order of publication, to the effect that it appeared to the court that defendants were nonresidents, vitiate the order. That part of it is simply surplusage. Its material part is that it appeared to the court that the ordinary process of law could not be served.

The record made by the defendants in the case at bar establishes that they were in fact residents of Illinois, during the time the tax suit was pending, and for many years before.

There is certainly no injustice done them in applying firmly the presumption of correct action by the circuit judge in making the order of publication in the tax suit, when the record therein does not negative the correctness of that order, and defendants' own admissions now prove conclusively that the order had, at the time, ample support in truth.

2. It is then claimed that the order was void because of its form.

In the petition in the tax case, and in the order of publication, the defendants were named thus:

"Wm. H. Lile, Gerge W. Lile, Etta R. Fisher, and —— Fisher her husband."

Defendants insist that this designation of Mr. Fisher is so vague as to render the tax proceedings, judgment and sale utterly void.

The answer in the case in hand admits that Mr. John Fisher, one of defendants in both cases, is the husband of Etta R. Fisher, and that the present defendants are the same persons who were defendants in the former suit.

The object of giving notice by publication is to advise the parties, to whom the notice is directed, of the proceedings mentioned.

If the notice effectively does that, it should be held sufficient against any collateral attack.

Judge VANFLEET thus summarizes the rule deducible from principle and well considered cases:

"That the omission of the name of a defendant from the process makes the judgment void in respect to him, is plain; but, where he is so described that he would not be misled, it is not void." Vanfleet's Collateral Attack, secs. 361, 356.

It certainly seems to accord with just principles of law and of common sense that where the notice names the parties defendant with sufficient definiteness to plainly indicate their identity, it should be held good and not void, when questioned in this collateral way.

Here the notice in effect was directed to Etta R. Fisher and Mr. Fisher, her husband. It would have been practically no more informative of the identity of John Fisher, her husband, had the blank in the order and in the petition in that case been filled with his first name.

3. It is next urged that the publication of the order in the newspaper was insufficient.

According to the affidavit of the printer and publisher, it appeared in the designated paper, the *Gallatin Democrat*, "for four weeks," namely, on March 7, 14, 21 and 28, 1889.

Defendants argue that publication four times, at these intervals, is not publication for "four weeks;" and cite the argument of the court of appeals in *State ex rel. v. Tucker* (1888), 32 Mo. App. 620, claiming that the latter demonstrates that the ruling on this subject in *Haywood v. Russell* (1869), 44 Mo. 252, (where such a publication was held good) is unsound, and should not be followed.

Whatever we might think of the ruling in the forty-fourth report as an original proposition, it has been acquiesced in so fully, and been treated as a settled point of practice in making publications in all sorts of proceedings, for so many years, that we decline to re-examine it. We consider that the rule it declares has become a rule of property, on the faith of which great numbers of titles, founded on judicial sales, depend.

The publication in the tax suit was sufficient under the decision last mentioned, and we refrain from any further discussion of it, without, however, intending to cast any doubt upon its correctness.

4. Defendants also object to the validity of the tax judgment, because the petition, and all the subsequent proceedings in that case, including the sale, deal with the property as one tract, a quarter section, instead of subjecting each subdivision to its appropriate part of the taxes.

This point is settled against defendants by *Jones v. Driskill* (1887), 94 Mo. 190.

This criticism, though perhaps, indicating error or irregularity in the proceedings, does not show a blemish sufficiently serious to avoid the judgment in a collateral action.

5. Defendants also object to the sheriff's deed, on the ground that it conveys nothing by its terms.

It recites the proceedings in the tax suit at great

length, describing the land "as the southeast quarter, section 13, township 58, range 26," giving the items of tax charges against it, and declaring that the court had decreed that the lien of the state upon said real estate for said taxes be enforced and the·same sold to satisfy said judgment, interest and costs.

It then continues as follows:

"Now, therefore, in consideration of the premises, and of the sum of $97 to me, the said sheriff, in hand paid by the said N. G. Cruzen, the receipt whereof I do hereby acknowledge, and by virtue of the authority in me vested by law, I, Gabe W. Cox, sheriff as aforesaid, do hereby assign, transfer and convey unto the said N. G. Cruzen all the above described real estate so stricken off and sold to him that I might sell as sheriff as aforesaid, by virtue of the aforesaid judgment, execution and notice.

"To have and to hold, the right, title, interest and estate hereby conveyed, unto the said N. G. Cruzen, his heirs and assigns, forever, with all the rights and appurtenances thereto belonging. In witness whereof," etc.

It is enough to say that we regard the terms of this deed as sufficient to transfer to plaintiff the interests of the defendants in the tax suit, under the statute law touching the form of such conveyances.

We have discussed all the defendant's assignments of error, which appear to call for any remark.

We hold the objections to the tax deed untenable. The learned circuit judge was correct in overruling them.

We affirm the judgment. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.