LILLIAN LINCOLN HARDEE, formerly Lillian H. Brogan, *Appellant,* vs. ALBERT V. B. BENNETT, *Appellee.*

140 So. 906.
141 So. 753.
143 So. 593.
Division B.
Opinion filed April 20, 1932.
Opinion on rehearing filed May 21, 1932.
Opinion on second rehearing filed September 26, 1932.

*Loftin, Stokes & Calkins* and *Knight, Adair, Cooper & Osborne,* for Appellant;

*Willard Utley,* for Appellee.

DAVIS, J.—The appellee, Bennett, sold and conveyed to the appellant, Lillian Lincoln Hardee (formerly Lillian H. Brogan) four lots in Palm Beach. To evidence and secure the balance of the purchase price of these lots Miss Brogan (Hardee) gave the notes and mortgage which Bennett brought a suit to foreclose in this case. Appellant sold and conveyed the property to one Ferguson, who assumed the Bennett mortgage, and, to evidence and secure the balance of the purchase price due to appellant, gave her certain notes and a mortgage on the same land. Ferguson then conveyed the property to

Allison & Quinn, who conveyed it to one Karman. All of these assumed both mortgages.

The several grantees failed to pay either mortgage when it became due. Miss Brogan (Hardee) then sued Ferguson, Allison, Quinn and Karman to compel them to pay Bennett's first mortgage, and in her bill she asked that her own mortgage be foreclosed. This suit was before this Court and considered under the title of Brogan v. Ferguson, 101 Fla. 1306, 131 Sou. Rep. 171, 101 Fla. 1311, 133 Sou. Rep. 317.

Appellee Bennett, who was made a party to the suit just referred to, answered that he was the holder of the first mortgage and averred that he should not be required to execute a satisfaction thereof until he had been fully paid. The bill brought by Miss Brogan (Hardee) against Ferguson, Allison, Quinn and Karman was filed on February 7, 1930.

On November 10, 1930, Bennett commenced the foreclosure of his first mortgage, making his original mortgagor, Lillian H. Brogan, now Lillian Lincoln Hardee, and her husbnd, together with one Karman, the present title holder, parties defendant. Neither Ferguson, Allison nor Quinn the intermediate grantees who had undertaken to assume the Bennett mortgage, were made parties defendant. To the bill filed by Bennett to foreclose his mortgage, Lillian H. Brogan (Hardee), the mortgagor, filed a plea setting up the above facts and averred that her suit (Brogan v. Ferguson, *supra*) had been prosecuted as diligently and vigorously as possible. The Circuit Judge overruled the plea, and the mortgagor appealed. The only assignment of error challenges the ruling on her plea.

We are of the opinion that there was no error in the ruling of the Chancellor. The bill to which the plea was interposed was one filed by Albert V. B. Bennett, the ap-

pellee, to foreclose the first mortgage which had been given to him by Lillian H. Brogan, the appellant, as mortgagor. Archie F. Karman was made a party defendant to that suit, because he was the then holder of the fee simple title to the property. The original mortgagor, Miss Brogan, was made a party to the suit because, in addition to being the original mortgagor, she held a second mortgage on the premises covered by the complainant's first mortgage. The plea which was overruled detailed several subsequent conveyances of the property encumbered by complainant's mortgage, and certain assumptions of that mortgage. These are the assumptions which later became the subject of litigation which was formerly before this Court in Brogan v. Ferguson, *supra.*

In none of the transactions between Miss Brogan and the others involved in her separate suit, the pendency of which she now attempts to plead in abatement of the foreclosure of the Bennett first mortgage in the instant case, does it appear that Bennett became a party. Bennett's rights as a first mortgagee accrued and became fixed at the time he sold the property to Miss Brogan and took back from her the notes and mortgage involved in the present case. Miss Brogan, as a debtor of Bennett, could not by any sort of arrangement or transaction subsequently had between herself and third persons, create any condition or circumstance which would affect her liability to Bennett without his acquiescence or participation therein, neither of which appears in the present case. The fact that by the transactions described in the suit of Brogan v. Ferguson, *supra,* Miss Brogan became a surety for Bennett's debt and Ferguson, Allison, Quinn and Karman became principal debtors as *between themselves* toward the original mortgagee (Slottow v. Hull Investment Co., 100 Fla. 244, 129 Sou. Rep. 577), does

not affect the situation here, nor sustain the plea which was overruled by the Chancellor.

As pointed out in the opinion in Slottow v. Hull Investment Co., the relationship of suretyship exists between the grantor and grantee who assumes the payment of the mortgage, but it does not affect the relations of the mortgagor and the mortgagee *inter sese*. The contract rights of the mortgagee cannot be changed by acts of the mortgagor and his grantee to which the former is not a party.

It was also pointed out in the case just cited that while a purchaser who assumes the mortgage becomes as to the mortgagor the principal debtor and the mortgagor a surety, the mortgagee, unless he has assented to such an arrangement, may treat both as principal debtors and may have a personal decree against both.

In the case at bar, the object of the appellee's bill was to foreclose the first mortgage which he held against the appellant. The plea which the chancellor overruled does not show that appellee, as such mortgagee, ever became a party to the subsequent transactions between the mortgagor and her grantees who assumed and agreed to pay the mortgage. Bennett, as the senior mortgagee therefore cannot be compelled to delay his proceedings to enable the appellant and the parties with whom she dealt subsequent to the first mortgage to settle their rights between themselves.

There was no error in the order appealed from and it is therefore

Affirmed.

WHITFIELD AND TERRELL, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

ON PETITION FOR REHEARING.

Opinion filed May 21, 1932.

DAVIS, J.—On April 20, 1932, the Court affirmed the

order appealed from in this case. On May 2, 1932, the appellant filed her petition for rehearing in which she asserts that if the decree appealed from stands affirmed, petitioner will probably lose her interest in the property and the fruits of substantial litigation instituted and conducted by her to preserve and protect the same. For the previous proceedings referred to see Brogan vs. Ferguson, 101 Fla. 1306, 131 Sou. Rep. 171, 101 Fla. 1311, 133 Sou. Rep. 317.

The principal ground of the petition for a rehearing is that appellant had requested permission to argue her cause orally, and that request for oral argument was overlooked and not considered by the Court before it undertook to take up and dispose of the case on briefs alone.

Appellant's ''application for oral argument'' was filed in this Court on December 23, 1931, and was therefore governed by the provisions of Rule 21 of this Court as it existed prior to its amendment on February 10, 1931. The old rule provided that either party might orally argue the case if desired, in which event a memorandum for such oral argument was required to be filed with the Clerk at the time of filing the briefs. The only brief filed by appellant was the brief filed November 6, 1931, so the memorandum for oral argument filed by the appellant on December 23, 1931, was accordingly not filed ''with the briefs'', as required by the old rule.

For this reason the Court was warranted in taking up the cause for disposition without oral argument, although it would not have done so had not appellant's request for oral argument, which was filed before the case was actually assigned for disposition, been overlooked.

Amended Rule 21, adopted February 10, 1931, with reference to requests for oral arguments, reads in part as follows:

"In addition to the submission of a cause on briefs as provided by the rules of this Court, if either party desires oral argument he shall at the time of filing his first brief file with the clerk a separate document, either printed or typewritten, entitled 'Application for Oral Argument,' a copy of which shall have been served upon opposing counsel. If the application is not denied by the Court, the day for such oral argument will be designated by the Court in due time, and the parties or their counsel notified thereof.

Neither party shall be entitled to an oral argument unless such party has applied therefor in the manner provided by this rule. * * * "

This new rule is specific and mandatory in its requirements as to what must be done by parties in order to obtain oral argument on appellate proceedings in this Court. The new rule requires either party desiring oral argument to file a *separate* document entitled "Application for Oral Argument", and to file it *at the time of filing his first brief*. The new rule also requires that a copy of "Application for Oral Argument" shall have been previously served upon opposing counsel. Under the provisions of this rule if the application for oral argument is not made in the form of a document separate from the briefs, or if it is not filed by the party interposing same at the time that he files his first brief, or if proof of service of same upon the opposite party does not accompany the same, the cause will not be placed upon the oral argument calendar, but will be assigned for immediate disposition by the Court as a case in which no oral argument has been requested, and which is one suitable to be disposed of on the briefs alone.

The Court has now reached that point in the disposition of its work where the only cases undisposed of on our docket are those which under the rules have been assigned to the oral argument calendar. It is therefore of the utmost importance that the rule relating to appli-

cations for oral argument shall be strictly complied with in order that those cases which are not to be orally argued may be promptly assigned for disposition when all briefs have been filed. We feel that a mere statement to this effect will be sufficient to secure the cooperation of the bar in having the work of this Court facilitated by compliance with the rule.

Adverting again to appellant's petition for a rehearing, we feel that the past history of this litigation in this Court, as well as the importance of the questions involved and required to be decided, warrants us of our own motion in granting a rehearing and setting the case for oral argument by the respective parties at an early date, and such will be our order. The entry of such an order makes a ruling upon appellant's petition for rehearing unnecessary in view of the fact that we granted a rehearing of our own motion for the reason hereinbefore pointed out.

The disposition by an appellate court of a cause without oral argument, where oral argument has not been requested and granted in accordance with the provisions of the rule providing for applications and granting of requests for oral argument, will not be considered as a ground for rehearing upon application for either party.

Rehearing granted and cause ordered set for oral argument before the Court *en banc*.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

ON REHEARING.

Opinion filed September 26, 1932.

DAVIS, J.—For other proceedings in this case see Brogan v Ferguson, 101 Fla. 1306, 131 Sou. Rep. 171, 101 Fla. 1311, 133 Sou. Rep. 317; Hardee v. Bennett, foregoing

opinion rendered April 20, 1932, 140 Sou. Rep. 906, and foregoing opinion rendered May 21, 1932, 141 Sou. Rep. 753.

In our opinion rendered April 20, 1932 (Hardee v. Bennett, 105 Fla. 282, 140 Sou. Rep. 906) we held that in a first mortgagee's foreclosure suit against first mortgagor, who held second mortgage, and holder of fee, first mortgagor's suit pending to compel immediate and remote grantee to pay first mortgage and seeking also foreclosure of second mortgage, a plea in abatement of another action pending was bad, which did not show that first mortgagee was a party to subsequent transactions between first mortgagor and grantee who assumed mortgage, and that such plea in abatement was properly overruled, since first mortgagee could not be compelled to delay his proceedings to enable first mortgagor and parties with whom she dealt subsequent to first mortgage, to settle their rights beween themselves. A rehearing was granted and the case re-argued on that point.

The re-argument has failed to convince us of any error in our first conclusions.

The case of Rowley v. Williams, 5 Wisconsin 151, which is solely relied on by appellant for reversal of the order appealed from which disallowed the plea, is to the effect that where a subsequent mortgagee commenced a suit for foreclosure, making a prior mortgagee a party, and the latter came in and answered, *setting up* his interest, and afterwards commenced a suit for foreclosure of his first mortgage, entitled the subsequent mortgagee who first started suit to plead the pendency of his action in abatement of the first mortgagee's attempt to foreclose his mortgage in a subsequently instituted suit, after having already *set up his interest seeking satisfaction out*

*of the common estate* covered by both first and second mortgages.

In this case Bennett, the first mortgagee, was not shown to have *set up his first mortgage seeking satisfaction of it in the first* suit to which he was joined as a party defendant. The plea to which was attached a copy of Bennett's answer in the first suit, which answer was made a part of the plea, merely shows that Bennett disclosed in reply to complainant's allegations, that he was a first mortgagee, and by that answer he prayed no relief of any kind seeking satisfaction of his first mortgage in that suit.

In equity, another suit depending in the same Court, for the same matter, is a good plea, if it contained the necessary averments, and is in proper form. Rowley v. Williams, 5 Wisconsin 151. But here another suit in the same court was not shown by the plea to be depending *for the same matter*, i. e., foreclosure of the first mortgage. So a plea in abatement was not the proper remedy to hold up Bennett's foreclosure pending the adjustment of other equities relating to the same general transaction of which Bennett's first mortgage was a part.

Bennett was entitled as against the matters set up in the plea in abatement to proceed with the foreclosure of his first mortgage by prosecuting that suit to a final decree. Thereupon the Court in the other case in which Bennett was a party might have power in adjusting the equities therein required to be settled, to stay further proceedings by Bennett in the execution of his foreclosure decree, until the conflicting equities of all the parties to the first suit could be adjusted and protected and the decree of the Court with regard thereto made effective.

This is upon the principle that where the subject matter of a suit arises primarily from the relations of first

and second mortgagee, with reference to the mortgaged premises, the matter is one peculiarly the subject of equitable cognizance, which entitles a Court of equity, which has obtained jurisdiction of the *res* and of all the interested parties asserting conflicting rights to it, to enter an appropriate decree giving effect to all the rights appearing before it, in accordance with equitable principles. Gorton v. Paine, 18 Fla. 117.

But in the separate foreclosure case brought by Bennett to foreclose his first mortgage, we know of no principle of equity jurisprudence which entitled the appellant to an abatement of such suit, and thereby to preclude a final decree from passing in it, even though the final decree after it should be rendered might be stayed as to its execution if equitable principles require, and the course of procedure taken warrants such stay. Such a stay could certainly be obtained in equity on considerations which have been held to warrant similar stays at law, especially when a stay is shown to be necessary to avoid an inequitable result. Foote v. Clark, 102 Mo. 394, 14 S. W. 981, 11 L. R. A. 861; Baker v. Brem, 103 N. C. 72, 9 S. E. 629, 4 L. R. A. 370. Note 127, Am. St. Rep. 710.

The decree appealed from is reaffirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.