JOHN W. FERGUSON, et al., v. LILLIAN H. BROGAN, et al.

149 So. 772.

Division. A.

Opinion Filed June 28, 1933.

*Crawford & May,* for Appellant;

*Knight, Adair, Cooper & Osborne* and *Loftin, Stokes & Calkins,* for Appellee.

DAVIS, C. J.—This is an appeal from a final decree of the Circuit Court of Palm Beach County, granting relief by

way of exoneration and foreclosure of a second mortgage, in favor, in part, of a first mortgagee, and against the second mortgagor and a grantee of the mortgaged premises who has assumed and agreed to pay both mortgages. The present appeal is the sixth consideration of this controversy by this Court. See Brogan v. Ferguson, 101 Fla. 1306, 131 Sou. Rep. 171; Brogan v. Ferguson, 101 Fla. 1311, 133 Sou. Rep. 317. See also Hardee v. Bennett, 105 Fla. 282, 140 Sou. Rep. 906; 141 So. 753; 143 So. 593.*

The bill was brought by Lillian H. Brogan to compel certain of the defendants, Ferguson, Allison, Quinn and Parman, to pay to Albert V. B. Bennett, first mortgagee, the amount of his mortgage upon certain property the legal title to which was in Karman at the time of the institution of the suit. Said Albert V. B. Bennett was joined as a party merely to receive payment of the money due to him on his first mortgage.

At the same time and in the same suit, Lillian H. Brogan, the second mortgagee, sought a decree of foreclosure against her own mortgagor, John W. Ferguson. The payment of the Ferguson mortgage (a second one) to Lillian H. Brogan, had been expressly assumed by Allison, Quinn and Karman. Deficiency judgment was prayed against the assumors, Allison, Quinn and Karman, should a deficiency be found to exist.

The court in its final decree here appealed from, found that the complainant, Lillian H. Brogan, was indebted on her first mortgage to Albert V. B. Bennett in a sum aggregating $20,615.63; that the second mortgagor, John W. Ferguson, was indebted on his second mortgage to Lillian

---

*For a New York suit involving this same controversy in another phase see Hardee v Karmen, N. Y. Law Journal, opinion by Valentin, J.

H. Brogan, in the sum aggregating $54,364.35; that by reason of Ferguson's assumption of the first mortgage that had been given by Lillian H. Brogan to Albert V. B. Bennett, that he, said Ferguson, was obligated to pay said Bennett, the first mortgagee, moneys sufficient to discharge the first mortagage debt of $20,615.63 as hereinbefore mentioned; that the defendant, Porte F. Quinn, by virtue of his indemnity agreement set forth in the deed from Ferguson and wife to Quinn and Allison, was obligated to indemnify and save harmless the defendant, John W. Ferguson, on account of notes, mortgages, taxes and other expenses embraced in the indemnity contract of the said Porte F. Quinn and Charles B. Allison on account of the clause contained in the deed to the property conveyed to them, concerning which they had become obligated in the nature of an assumption.

The relief granted by the final decree is (1) a decree that Ferguson, the assuming grantee of Lillian H. Brogan, shall pay off, procure and record a satisfaction of the assumed first mortgage given by Lillian H. Brogan and adjudged to be due to the first mortgagee, Albert V. B. Bennett; (2) that Lillian H. Brogan, the complaining second mortgagee, shall have foreclosure of her second mortgage as against Ferguson, the mortgagor in the second mortgage; (3) that the defendant, Porte F. Quinn, as one of the indemnitors of John W. Ferguson against any liability on his part for the payment of the Bennett first mortgage, for the payment of which Ferguson, the giver of the second mortgage, had also become liable, should exonerate and discharge Lillian H. Brogan, from her said mortgage debt to Bennett, should Ferguson fail so to do; (4) that in the event Ferguson should fail to pay in full all of the amounts decreed against him as aforesaid, that execution should be issued against

him;. (5) that in the event such execution against Ferguson should be issued and should be returned unsatisfied in whole or in part, that then execution should issue against Porte F. Quinn as indemnitor of Ferguson, to enforce his liability as Ferguson's indemnitor against Ferguson's own indemnitee, the complainant, Lillian H. Brogan; (6) that Brogan's second mortgage should first be foreclosed against Ferguson and a sale of the property had by a master if not redeemed; (7) that after the foreclosure sale a deficiency decree against the defendants be considered, in the event the sale of the property brought less than enough to satisfy the complainant's claim against Ferguson.

It was decided on the rehearing of the first appeal in this case (Brogan v. Ferguson, 101 Fla. 1311, 133 Sou. Rep. 317) that Lillian H. Brogan, as an incident to the relief sought in her foreclosure suit brought to foreclose her second mortgage against the mortgagor, Ferguson, and the holder of the legal title to the mortgaged land, Karman, was entitled to seek therein, and have awarded to her in the same suit, other appropriate relief to which she was entitled by reason of the legal effect of the indemnity and assumption agreements contained in the several deeds of conveyance, all of which had inured to Lillian H. Brogan's benefit under the circumstances. To the extent that the applicable law was decided on the rehearing of the first appeal, that decision became the law of this case upon its remand to the Circuit Court, and questions so settled on the earlier appeal are no longer open to question on this appeal, which was subsequently taken from the final decree. Wilder v. Punta Gorda State Bank, 100 Fla. 517, 129 Sou. Rep. 865; Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. Rep. 792.

While the complainant below was Lillian H. Brogan,

holder of a second mortgage on the property involved, pay-
ment of this second mortgage, as well as a first mortgage
on the same land given to Bennett by Miss Brogan, had been,
in effect, assumed by subsequent grantees of the mortgaged
property, who had agreed to "indemnify and save harmless"
the complainant holder of the second mortgage, from any
liability on account of any notes, mortgages, etc., on the
mortgaged land in controversy.

To effectuate the relief sought, which was enforcement
of payment of Ferguson's debt, both primary and assumed,
the Chancellor in the first instance, necessarily had to order
a foreclosure of the second mortgage against Ferguson.
Payment of this mortgage was in fact the primary relief
sought by the bill. The other relief was simply ancillary
and auxiliary to it and in the nature of a specific enforce-
ment of the indemnity obligations of the other defendants.
So the ultimate result is that in a suit for the foreclosure
of a second mortgage on the particular property involved,
the court, in order to settle all the rights and liabilities of
the divers parties interested in this particular piece of mort-
gaged real estate, as well as in the series of related trans-
actions and conveyances involving it, was called upon to
settle, and did settle, in one and the same suit, complainant
Brogan's rights as a second mortgagee under her mortgage
from Ferguson; as well as her rights to indemnity from her
grantee, Ferguson, and subsequent assuming grantees, to
have the land being foreclosed against, relieved of all lia-
bility under the first mortgage. The latter relief was made
necessary because it was against any and all liability for the
first mortgage debt that Ferguson, and his subsequent
grantees, had entered into indemnity undertakings in the
nature of assumption agreements by which they had agreed

.to indemnify and save harmless their own several grantors of the particular property.

The final decree appealed from accomplished complete relief in accordance with the several contractual undertakings of the parties to the suit, and nothing more.

While the final decree does in terms require the subsequent grantees of the land to exonerate Lillian H. Brogan, the complainant, by paying to the holder of the first mortgage, and securing from him (Albert V. B. Bennett) a satisfaction of such first mortgage for the benefit of the second mortgage (in favor of Lillian H. Brogan), yet all this is nothing more than a method of enforcing, as an incident to the equitable relief sought in the second mortgage foreclosure suit, all of Lillian H. Brogan's admittedly enforceable equitable rights against the other parties.

Such equitable rights arose out of her own assumption of the first mortgage, her subsequent conveyance of the land covered by it to Ferguson, coupled with Ferguson's acceptance of his conveyance of the land from Miss Brogan under an express agreement contained in his deed to the effect that he in turn assumed and agreed to pay the first (Albert V. B. Bennett) mortgage, as well as to pay to Miss Brogan his own second mortgage.

And since Ferguson in turn had conveyed the land to other subsequent grantees under conveyances by which he (Ferguson) had acquired against them certain indemnity rights to be himself saved harmless from liability on the first mortgage debt that he had assumed in his conveyance from Miss Brogan, Ferguson's rights against his own grantees, as we held on the first appeal, inured to the benefit of his creditor, Lillian H. Brogan, who became entitled to have Ferguson's indemnity rights adjudicated and enforced by way of exoneration in a single suit brought to enforce

her mortgage rights against Ferguson, embracing the identical piece of land covered by all of these transactions.

Such was the precise method of procedure upheld and approved by us on the first appeal, which was from an interlocutory order. The final decree now appealed from simply adjudicates the rights of the parties *inter sese* in accordance with what appears of record concerning their relations to the subject matter.

In approving what was decreed by the court below, we are not unmindful of the generally applicable rule of law which, in any ordinary suit, would preclude complainant, Lillian H. Brogan, from recovering a money judgment in her own right on the notes owned and held by Albert V. B. Bennett, the first mortgagee, although it be shown that she had become a surety in law for the amount of such notes.

But while the general rule (which we approve) undoubtedly is to the effect that until a surety on notes has paid such notes, such surety has no right to a judgment against one who has subsequently become primarily liable thereon by agreeing to assume their payment, yet there are circumstances where there is available to such surety, against an indemnified principal debtor, relief in equity before any actual loss has occurred. On principle, as well as authority, such relief in equity is available in all cases where, incidental to other equitable relief, it is appropriate to ascertain, and enforce, the liability of all indemnitors of a single debt, in a single equity suit brought to enforce such debt, where such suit may require consideration of several phases of one general transaction concerning a parcel of land resorted to as security, and forming the subject matter of the equitable controversy before the Court. Hayden v. Thrasher, 18 Fla. 795; West v. Chasten, 12 Fla. 315; DeCottes v. Jeffers, 7 Fla. 284. See also Seeberger v. Wyman,

108 Iowa 527, 79 N. W. Rep. 290; Burroughs v. McNeill, 22 N. C. 297 (2 Dev. & Battl's Eq.); 14 R. C. L. 58; 50 C. J. 244.

The relief granted in this case was not that Quinn be subjected to a judgment requiring payment of the Bennett debt to complainant, Brogan. Here complainant Brogan did not seek to have Quinn pay the Bennett first mortgage debt to her, but only that Quinn, in accordance with his indemnity contract so to do, be required by an equity decree against him, to discharge the mortgaged land from the Bennett first mortgage, and thereby hold Miss Brogan, the surety, harmless against it.

A surety cannot have subrogation until he has paid the debt in full. But on part payment he may, when the debt is due, sue in equity both the creditor and principal debtor, to compel, by a suit in the nature of one for specific performance, such debtor to pay the debt out of his own property, in exoneration of the surety, and may, in such equity suit, have enforced for his relief, any liens which the creditor has on the estate of his principal. Neal v. Buffington, 42 W. Va. 327, 26 S. E. Rep 172.

The objection raised on this appeal by Quinn, as to the validity of the constructive service had upon the title holder of the mortgaged land, Archie F. Karman, who with ................. Karman, his wife, was served with constructive service in this suit as a basis for the mortgage foreclosure decree against such defendants, if not personal to the Karmans as a ground of objection which only they can raise, is not well taken. Cruzen v. Stephens, 123 Mo. 337, 27 S. W. Rep. 557.

Neither has it been shown that there is any basis for sustaining the contention of *laches* (Dille v. Hammond, 59 Fed. [2nd] 1048) nor that complainant by virtue of the

extension of the time for payment of the first mortgage has lost any of her rights against Quinn, as an indemnitor (Buffington v. Bronson, 61 Ohio St. Rep. 231, 56 N. E. Rep. 762).

Finding no reversible error otherwise, the final decree must be affirmed, and such will be our judgment on this appeal.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.