134 So.2d 230 (1961)
PHIL'S YELLOW TAXI CO., Inc. OF MIAMI SPRINGS, a Florida corporation, White Cab Co., Inc., a Florida Corporation, and S & J Transportation, Inc., a Florida Corporation, Petitioners,
v.
Chairman Jerry W. CARTER, Commissioner Wilbur C. King, and Commissioner Edwin L. Mason, as members of and constituting the Florida Railroad and Public Utilities Commission, and the Florida Railroad and Public Utilities Commission, Respondents.
No. 31124.
Supreme Court of Florida.
November 1, 1961.
Rehearing Denied November 29, 1961.
*231 Kastenbaum, Mamber, Gopman & Epstein, and George Kastenbaum, Miami Beach, for petitioners.
Lewis W. Petteway and James L. Graham, Jr., Tallahassee, John T. Bond and Walters, Moore & Costanzo, Miami, for respondents.
THOMAS, Justice.
In Sec. 331.15(2), Florida Statutes 1959, and F.S.A., it is provided that the board of county commissioners in any county owning and operating an airport shall be empowered to contract with automobile transportation companies for carriage of persons between the airport and "designated points within such county * * *"; also that Florida Railroad and Public Utilities Commission shall "thereupon, as a matter of right and without a hearing, issue to every such * * * company a certificate of public convenience and necessity" authorizing the company to carry passengers on the streets and highways of the county between the "airport and the point or points designated in such contract" with the board of county commissioners. We have italicized the words upon which will hinge our decision of the point presented to us.
Relying upon the cited section for authority the Dade County Port Authority, owner and operator of the Miami International Airport, on 7 October 1958 contracted with Red Top Sedan Service, Inc., for transportation on the ground of travellers arriving and leaving by air. Under the agreement the company was given "exclusive concession right" to furnish transportation of passengers and baggage between the airport and "all points" within Dade County.
Afterward Red Top Sedan Service, Inc., obtained from Florida Railroad and Public Utilities Commission an order (No. 5092) granting it authority to transport passengers between the Miami International Airport and "all points" in Dade County.
In few words, the immediate question under consideration is whether legislative authority to contract for the transportation of passengers between the airport and designated points is observed by contracting for such transportation between the airport *232 and all points without specifying any of them.
The service to passengers arriving at the airport and leaving it is of a character distinct from taxicab service, as we said in Roberts v. Carter, Fla., 76 So.2d 789. The distinction seems to have been recognized by the county in the contract we have described for it was provided in that instrument that "taxicab service [was] specifically excluded."
Whether or not it was the intent of the legislature to distinguish between taxicabs and "motor propelled vehicles, including, * * * busses and sedan automobiles" operating between airports and "designated points within [the] county" we will not undertake to decide although from references in the act and the very nature of the two services that seems likely and logical. But we do say that the language of the act is quite clear and, as we have announced, by definite phraseology in statutes the courts will be bound. Tropical Coach Line, Inc. v. Carter et al., Fla., 121 So.2d 779.
Without speculating on the reason for the restriction we decide that power to transport to and from designated points is not met by fixing no points at all.
The respondents have directed us to our decision in Pensacola Transit, Inc. et al. v. Douglass et al., Fla., 34 So.2d 555, that the burden is on the petitioner in a certiorari proceeding to show that a challenged order is illegal. We have no idea of receding from that ruling but in the present case the burden seems to be sustained by submission of the simple language the legislature chose
The finding of the commission in their order was that inasmuch as the Port Authority had granted the exclusive concession we have already described, it thereupon became the duty of the commission to grant the requested authority "as a matter of right and without hearing." There is no doubt that the act mandates the commission to grant a certificate of public convenience and necessity once such a contract has been entered, but we cannot conclude that the certificate can be efficacious if the contract is inefficacious. The contract granting the right to operate to and from all points would not be such a firm foundation for a certificate of like provision as to make the latter immune to attack even indulging the respondents the view that when the contract was executed they had no choice but to follow it regardless of the clear failure to track the law.
We can only conclude that the order of the commission be quashed.
ROBERTS, C.J., and TERRELL, THORNAL and O'CONNELL, JJ., concur.