CARROLL, Judge.
The appellants, transportation companies in Dade County, sought to enjoin the operation of a contract, between Dade County Port Authority and one such company, for transportation of passengers, from the county owned airport to “all’ points” within the county. The county moved to dismiss, contending the complaint failed to state a cause of action and that the court lacked jurisdiction. The motion, was granted and the cause dismissed. Plaintiffs appealed.
The county commission had authority to enter into a contract with one or more automobile transportation companies to transport passengers for hire between the airport or airports operated by the county “and designated points within such county.” Sections 331.14, 331.15, Fla.Stat., F.S.A. The contract in this case went beyond the statutory authority when it provided for transportation between the county airport and all points, rather than designated points within the county as re *443 quired, as the Supreme Court recently held in Phil’s Yellow Taxi Co., Inc. v. Carter, Fla.1961, 134 So.2d 230, 232, where, in dealing with such a contract the court said: “Without speculating on the reason for the restriction we decide that power to transport to and from designated points is not met by fixing no points at all.”
The county’s contention as to want of jurisdiction was without merit. The right of the plaintiff transportation companies to compete for the passenger traffic to and from county-operated airports can be limited through contracts made between the county commissioners and one or more such companies as provided for by the statute, but plaintiffs are entitled to protect their right to do business until and unless they are excluded or deprived of it by lawful means.
The order dismissing the complaint is reversed on authority of Phil’s Yellow Taxi Co., Inc. v. Carter, supra, and the cause remanded for further proceedings not inconsistent herewith.
Reversed.