**CITY OF HARDIN, Appellant,**

v.

**HARDIN WATER SUPPLY CORPORATION, Appellee.**

No. 09 82 133 CV.

Court of Appeals of Texas, Beaumont.

Feb. 9, 1984.

Rehearing Denied March 7, 1984.

Thomas A. Wheat, Liberty, for appellant.

Neal J. Iverson, Dayton, for appellee.

OPINION

DIES, Chief Justice.

The City of Hardin (hereinafter "City") enacted an ordinance fixing the rates which the Hardin Water Supply Company (hereinafter "HWSC") could charge its customers within the City. HWSC then brought suit for a declaratory judgment[1] seeking a court determination that City had no such jurisdiction over HWSC. The facts were stipulated and judgment went to HWSC,

from which City perfects appeal to this Court.

City is a municipality under *section 3(b)* of the Public Utility Regulatory Act (hereinafter "PURA"), TEX.REV.CIV.STAT. ANN. art. 1446c (Vernon 1980 & Vernon Supp.1982–1983). Both sides agree that before the enactment of PURA the City of Hardin would have had regulatory power over HWSC, but the latter's contention is that PURA exempted a water supply corporation from all regulation. The sections of PURA under scrutiny in this case are anything but clear. *Section 3(c)* defines "public utility" or "utility" as including

"... any ... corporation ... other than ... a water supply ... corporation ... now or hereafter owning or operating for compensation in this state equipment or facilities for:

\*     \*     \*     \*     \*     \*

"(4) the ... furnishing of potable water to the public ... other than equipment or facilities owned and operated for [that] purpose by ... a water supply ... corporation...."

In other words, *section 3(c)* seems to take out HWSC, while *subd. (4)* thereunder seems to put it back in.

*Section 17(a)* of PURA provides:

"Subject to the limitations imposed in this Act, and for the purpose of regulating rates and services ... the governing body of each municipality shall have exclusive original jurisdiction over all electric, water, and sewer utility rates, operations, and services provided by an electric, water, and sewer utility within its city or town limits."

Our duty, of course, is to try and resolve any inconsistency and give effect to the dominant legislative intent. See *Southern Canal Company v. State Board of Water Engineers*, 159 Tex. 227, 318 S.W.2d 619 (1958). The dominant intent as expressed in *section 2* of PURA is to regulate monop-

---

1. TEX.REV.CIV.STAT.ANN. *art. 2524–1* (Vernon 1965 & Vernon Supp.1982–1983).

olies.[2] Why then would the legislature turn completely loose water supply corporations such as HWSC? We believe and hold that the intent was to exempt such water districts from regulation of the commission created by PURA but to retain their regulation by the municipalities within their boundaries. We, therefore, reverse the judgment below and render for the City of Hardin, holding that City has the right to regulate the water rates of the Hardin Water Supply Corporation within its boundaries.

---

2. "Sec. 2. This Act is enacted to protect the public interest inherent in the rates and services of public utilities. The legislature finds that public utilities are by definition monopolies in the areas they serve; that therefore the normal forces of competition which operate to regulate prices in a free enterprise society do not operate; and that therefore utility rates, operations and services are regulated by public agencies, with the objective that such regulation shall operate as a substitute for such competition. The purpose of this Act is to establish a comprehensive regulatory system which is adequate to the task of regulating public utilities as defined by this Act, to assure rates, operations, and services which are just and reasonable to the consumers and to the utilities."