**HARDIN WATER SUPPLY CORPORA-TION, Petitioner,**

v.

**CITY OF HARDIN, Respondent.**

No. C–2931.

Supreme Court of Texas.

May 30, 1984.

Neal J. Iverson, Dayton, for petitioner.

Wheat & Whest, Thomas A. Wheat, Liberty, for respondent.

PER CURIAM.

This is an appeal from a declaratory judgment. The trial court ruled that the City of Hardin (City) had no jurisdiction to enact an ordinance fixing the rates that Hardin Water Supply Corporation (HWSC) could charge customers within the City's boundaries. The court of appeals reversed and rendered for the City. 666 S.W.2d 354. We grant the application for writ of error and without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The facts of the case were stipulated. HWSC is a water supply corporation organized and operating under TEX.REV.CIV. STAT.ANN. art. 1434a (Vernon 1980). The City enacted an ordinance in 1980, fixing the rates that HWSC could charge its customers within the City. HWSC then brought a declaratory judgment action in which it sought a determination that the City, as a general law municipality, had no power to regulate water utility rates ("utility" is used here in its broadest sense), since the legislature had not granted it such power. The trial court rendered judgment for HWSC. The court of appeals reversed and rendered for the City, holding that the intent of the legislature in enacting the Public Utility Regulatory Act, TEX.REV.CIV. STAT.ANN. art. 1446c (Vernon 1980 and Vernon Supp.1984) (hereinafter PURA) was to give cities regulatory control over rates charged by a water supply corporation within the city's boundaries. We disagree.

Cities have no inherent power to regulate utilities. Whatever powers of this nature they have in Texas are derived from

an express grant from the legislature. *Southwestern Bell Telephone Co. v. Houston Independent School District*, 397 S.W.2d 419 (Tex.1965). Thus, if the City has the authority to regulate HWSC's rates, it must be derived from express language in the PURA. Section 17(a) of the PURA reads as follows:

> Sec. 17. (a) Subject to the limitations imposed in this Act, and for the purpose of regulating rates so that such rates may be fair, just, and reasonable, services adequate and efficient, the governing body of each municipality shall have exclusive original jurisdiction over all electric, water, and sewer utility rates, operations and services provided by an electric, water and sewer utility within its city or town limits.

The City contends that this section gives it authority to regulate HWSC's rates.

■ The City misconstrues the statute. Section 17(a) begins "Subject to the limitations imposed in this Act, . . . ." Such limitations are found in sections 3(c), 3(c)(4) and 3(u) which remove water supply corporations from the definition of utilities. They provide:

> Sec. 3.
>
> (c) The term "public utility" or "utility," when used in this Act, includes any . . . corporation . . . other than a . . . water supply or sewer service corporation . . . owning or operating for compensation in this state facilities for:
>
> * * * * * *
>
> (4) the . . . selling or furnishing of potable water to the public . . . other than equipment or facilities owned and operated for either purpose by a . . . water supply or sewer service corporation.
>
> * * * * * *
>
> (u) "Water supply or sewer service corporation" means a non-profit, member-owned corporation organized and operating under Chapter 76, Acts of the 43rd Legislature, 1st Called Session, 1933, as amended (Article 1434a, Vernon's Texas Civil Statutes).

Thus, HWSC is not a "water utility" over which the City has jurisdiction by virtue of PURA section 17(a).

The City concedes that section 3(c) removes HWSC from the definition of "utility." It argues, however, that section 3(c)(4) brings it back into the statute as a utility over which the City has regulatory control by virtue of the "other than" language contained in that subsection. There is no merit to this contention.

■ Statutes should be given a reasonable and not a strained construction. *Calvert v. Phillips Chemical Co.*, 268 S.W.2d 478 (Tex.Civ.App.—Austin 1954, writ ref'd). If the legislature had intended water supply corporations to be included in the definition of a public utility under the PURA, there would have been no need for the exclusionary language of sections 3(c) or 3(c)(4), or for the section 3(u) definition. It is much more reasonable to view the exclusionary language of section 3(c)(4) as an effort by the legislature to make it clear that water supply corporations and their facilities are excluded from the PURA definition of "public utilities." The language emphasizes the intended exclusion, it does not create conflict.

The judgment of the court of appeals conflicts with the PURA. Therefore we grant petitioners writ of error and without hearing oral argument reverse the judgment of the court of appeals and affirm the judgment of the trial court. TEX.R.CIV.P. 483.