310 So.2d 1 (1975)
STATE of Florida ex rel. W. Guy McKENZIE et al., Relators,
v.
The Honorable Ben C. WILLIS, As Circuit Judge of the Second Judicial Circuit of the State of Florida, and the Honorable James A. Lenfestey, As Circuit Judge of the Thirteenth Judicial Circuit of the State of Florida, Respondents.
No. 46242.
Supreme Court of Florida.
January 15, 1975.
Rehearing Denied April 17, 1975.
*2 W. Guy McKenzie, Jr., and Thomas F. Panebianco of Carswell, McKenzie, Dean & Owen, Tallahassee, for relators.
Wm. Reece Smith, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for respondents.
ERVIN, Justice.
We consider here two writs of prohibition that seek to restrain two circuit judges hereinafter referred to from exercising jurisdiction in two matters which Relators claim fall within the exclusive administrative jurisdiction of the Florida Public Service Commission. Responses to the writs have been filed by the respondent Judges. Interested parties have briefed the questions involved and requested our prompt expedition of these proceedings which we find are ready for disposition. We agree the Circuit Judges have improperly exercised jurisdiction in said matters.
Section 3(b)(4) and Section 3(b)(7) of Article V, State Constitution, respectively, confer power in this Court to issue writs of prohibition to courts and commissions in causes within its review jurisdiction and to directly review administrative action as prescribed by general law. The statutes directly implement this power of direct review of Public Service Commission action in the Supreme Court. See particularly Section 350.641(1), F.S. Accordingly, we have jurisdiction of these proceedings.
From the alleged facts it appears Chemical Tank Lines, Inc. filed two suits, one in Leon County, Florida, which was assigned to Respondent Circuit Judge Ben C. Willis, and one in Hillsborough County, Florida, which was assigned to Respondent Circuit Judge James A. Lenfestey.
The Leon County suit sought to have declared void an order of the Florida Public Service Commission granting McKenzie Tank Lines, Inc. temporary authority to operate as a common carrier, which authority Chemical Tank Lines, Inc. claims duplicated its common carriage authority operation already granted.
In the Hillsborough County suit Chemical Tank Lines sought to enforce against W. Guy McKenzie, Sr., McKenzie Tank Lines, Inc. and Alfa Trucking Company (which latter company is performing motor carriage service under McKenzie temporary authority) a covenant not to compete, which was executed when McKenzie sold the assets and good will of a transportation business to the predecessor of Chemical Tank. At the time this suit was filed, Alfa had filed applications with the Commission for temporary and permanent authority which allegedly conflicted in part with the McKenzie covenant. Chemical sought to prevent prosecution by Alfa of its application. Because a hearing was scheduled by the Commission on these applications, Chemical Tank sought a temporary injunction in its Hillsborough County suit to restrain Alfa from proceeding until the suit to enforce the covenant was resolved. The Hillsborough County Circuit Court (Judge Lenfestey) found that Alfa was an agent of McKenzie and acted in concert to violate the covenant not to compete.
Specifically it appears that the grounds upon which Chemical Tank Lines seeks an injunction in Leon County Circuit Court is that the emergency temporary authority was improperly granted to McKenzie Tank; that the emergency for which it was authorized (Whitney Tank Lines strike) is over; that these matters are also being concurrently considered by the Florida Public Service Commission in Docket no. 74400-CCT, and that the injunction in *3 the Hillsborough County suit was based upon a requested enforcement of a noncompete agreement executed by W. Guy McKenzie, Sr. and McKenzie Tank Lines, on the one hand, and the predecessor of Chemical Tank Lines in 1966 on the other. Alfa Trucking Company was not then in existence and was not a party to the noncompete agreement. It is alleged that Alfa is the alter ego of McKenzie.
Relators also allege that noncompetition agreements by Florida Public Service Commission regulated companies cannot be enforced unless first approved by the Florida Public Service Commission and that the agreement here in question has not been submitted to nor approved by the Florida Public Service Commission; that enforceability of such agreement can come only after consideration, and perhaps modification, by the Commission to insure the public interest is protected; that only the Commission, and not the Circuit Courts, can properly under Florida law consider and approve a non-competition agreement between Commission regulated companies, and that the Hillsborough County Circuit Court attempt to enforce the non-competition agreement prior to its approval by the Commission is a further excess of its lawful jurisdiction.
It is our view that both of these suits improperly trench upon the jurisdiction of the Public Service Commission. In each instance the subject involved lies within the jurisdiction of the Commission to decide, subject to review by the Supreme Court. The complaints in the suits seek relief in circumstances that properly call for the exercise of the judicial or quasi-judicial powers of the Commission as provided in Sections 323.02, 323.03 and 323.07, F.S.
We agree non-competitive agreements between regulated carriers must be approved by the Commission. Compare City Gas Company v. Peoples Gas System, Inc. (Fla. 1965), 182 So.2d 429.
No concurrent or cumulative power of direct review of Commission action by the Circuit Courts has been provided by general law under the limitations in Section 5(b) of Article V of the State Constitution.
The controversies involved in the two suits are resolvable by the Commission within its jurisdiction subject to review by the Supreme Court. They do not lie within the jurisdiction of the Circuit Courts. Compare Meiklejohn v. American Distributors, et al. (Fla.App. 1968), 210 So.2d 259; Red Top Sedan Service, Inc. v. S & J Transportation, Inc. (Fla.App. 1963), 150 So.2d 450; State ex rel. Florida Real Estate Commission v. Anderson (Fla.App. 1964), 164 So.2d 265.
Our holding is limited to the described matters and is not intended to preclude exercise of jurisdiction by the Circuit Courts in different situations where the jurisdiction of the Commission does not lie or its jurisdiction could not provide complete or adequate remedy. Compare Southern Bell T. & T. Co. v. Mobile America Corp., Inc., 291 So.2d 199 (Fla. 1974).
Where the Public Service Commission, or this Court on review, has disposed and completed a matter coming within the Commission's jurisdiction, subsequent unresolved claims or causes arising against the affected regulated carrier or utility which are not statutorily remediable by the Commission and lie outside its jurisdiction may be litigated in the appropriate civil court.
Our decision here is procedural only and is not intended to reach the underlying merits of the issues which should be resolved by the Public Service Commission, subject to review by this Court.
We do not issue peremptory writs of prohibition because we are confident Respondents *4 will duly comply with the views herein expressed.
ADKINS, C.J., and ROBERTS and McCAIN, JJ., concur.
OVERTON, J., dissents with opinion.
OVERTON, Justice (dissenting).
I dissent. This is a request for a single writ of prohibition directed to two separate circuit courts in two separate legal actions.
The effect of the majority opinion is to determine summarily on the merits the causes of action alleged by the respondents in the respective circuit courts, without the benefit of testimony or evidence necessary to a full determination of those issues.
The respondents sought relief by injunction in the Circuit Court of Leon County from an alleged temporary administrative order entered by the staff of the Public Service Commission without notice, hearing, or adversary evidence being presented. They allege the order is void ab initio. If these allegations are true and the determination by the Commission is in fact an administrative determination, it is clearly subject to review by an equity court. Teston v. City of Tampa, 143 So.2d 473 (Fla. 1962). It is also possible that the Commission's order, even if not administrative, may be subject to review by an equity court. Red Top Sedan Service, Inc. v. S & J Transportation, Inc., 150 So.2d 450 (Fla.App.3d 1963).
The respondents sought to enforce a covenant not to compete in the Hillsborough County Circuit Court. The relators do not deny the execution of the covenant but claim it is invalid and unenforceable since it was not approved by the Public Service Commission. There is a clear issue concerning the validity of this covenant, and it should not be summarily disposed of in these proceedings in this manner.
I would deny the petition.