WALDEN, Judge.
This is a Petition for Writ of Prohibition. Petitioner is the Lake Worth Utilities Authority. Respondent is The Honorable Rosemary Barkett, Judge of the Fifteenth Judicial Circuit in and for Palm Beach County-
At issue are the limits of the respective jurisdiction of the Respondent versus that of the Public Service Commission of the State of Florida (hereafter called the Commission).
As background, Petitioner established a ten percent surcharge on electric service furnished outside the limits of the City of Lake Worth, citing the higher costs of furnishing such service to those areas. Thereafter the Commission began a review of that surcharge and asked Petitioner to justify same. At that juncture Palm Beach Junior College, being affected by the surcharge, was allowed to intervene in the Commission proceedings.
As an additional procedure the College filed an amended complaint against Lake Worth Utilities Authority in the circuit court before Respondent. The College there sought declaratory and injunctive relief. The College alleged that the surcharge was invalid because (a) the Utility Authority was illegally constituted; (b) the surcharge was discriminatory; (c) the enacting resolution was adopted without proper notice; (d) the Utility Authority was estopped to impose the surcharge, and; (e) the charge would impose a hardship upon the College. The College then asked that the Utility Authority be enjoined from discontinuing service if the surcharge was not paid.
The Utilities Authority sought the dismissal of the amended complaint for several reasons, chief of which was the assertion that only the Commission had jurisdiction over such surcharges. The Respondent Judge refused to dismiss the complaint, and the instant petition ensued. The Utilities Authority asks this Court to prohibit the Respondent from exercising jurisdiction over the College’s amended complaint.
We, therefore, must determine if the Respondent or the Commission has jurisdiction over the controversy between the Utilities Authority and the College.
We hold that the Commission has primary jurisdiction over a portion of the dispute and that the remainder falls within the jurisdiction of the Respondent.
More specifically, the Commission has exclusive jurisdiction to determine the reasonableness of an electricity surcharge and whether or not it is discriminatory. This is statutorily provided in Section 366.-04(1), Florida Statutes (1981). Further, the primacy of Commission jurisdiction was recognized in State ex rel. McKenzie v. Willis, 310 So.2d 1 (Fla.1975). Thus, with reference to the College’s amended complaint, the assault upon the surcharge on the basis that it was discriminatory is an issue to be resolved by the Commission and not by the Respondent. Accordingly, Respondent should be prohibited from exercising jurisdiction over this particular matter. State ex rel. Shevin v. Tampa Electric Company, 291 So.2d 45 (Fla. 2d DCA 1974).
The remaining issues in the College’s amended complaint are matters properly within the Respondent’s jurisdiction. State ex rel. Shevin, supra, State ex rel. McKenzie, supra, and English v. McCrary, 348 So.2d 293 (Fla.1977).
Finally, we hold that the Commission should first make its determination with the Respondent’s exercise of jurisdiction to be suspended until such time as the Commission shall have made its decision. State ex rel. McKenzie, supra. A Commission’s ruling invalidating the surcharge would undoubtedly render the remaining issues moot. Otherwise, the Respondent *1280 could proceed in traditional fashion to decide those remaining issues.
Because we are confident that Respondent will duly comply with the views herein expressed we refrain from issuing a peremptory writ of prohibition.
LETTS, C.J., and DOWNEY, J., concur.