551 So.2d 1210 (1989)
PUBLIC SERVICE COMMISSION, Petitioner,
v.
Honorable Richard S. FULLER, et al., Respondents.
No. 73876.
Supreme Court of Florida.
November 16, 1989.
Susan F. Clark, Gen. Counsel, and William H. Harrold, Associate Gen. Counsel, Tallahassee, for petitioner.
Michael E. Watkins, City Atty., City of Homestead, Homestead, and L. Lee Williams, Jr. and Frederick M. Bryant of Moore, Williams, Bryant, Peebles & Gautier, P.A., Tallahassee, for respondents.
J. Christian Meffert and Wilton R. Miller of Bryant, Miller and Olive, P.A., Tallahassee, for Florida Power & Light Co., intervenor.
OVERTON, Justice.
The Florida Public Service Commission (PSC) petitions this Court to issue a writ of prohibition to the Honorable Richard S. Fuller, Judge in the Eleventh Judicial Circuit in and for Dade County, Florida, preventing him from conducting further proceedings in City of Homestead v. Florida Power and Light Co., Case No. 88-32093CA28. The case concerns a territorial agreement between the City of Homestead and Florida Power and Light Company, which was expressly approved by an order of the Public Service Commission. We have original jurisdiction. Art. V, *1211 § 3(b)(7), Fla. Const. For the reasons expressed, we hold that the PSC has exclusive jurisdiction over the subject matter of this cause.
The relevant facts reflect that on August 7, 1967, the City of Homestead entered into a territorial agreement with Florida Power and Light Company (FPL) which described the geographic areas to which each would provide electric utilities service. That agreement was approved by the PSC in Florida Public Service Commission Order No. 4285, issued December 1, 1967. Shortly thereafter, FPL customers whose service was transferred to the city by the agreement challenged the PSC order. This Court upheld that order in Storey v. Mayo, 217 So.2d 304 (Fla. 1968), cert. denied, 395 U.S. 909, 89 S.Ct. 1751, 23 L.Ed.2d 222 (1969), and the order has been in effect since 1967. Subsequently, in an action before the PSC, Accursio v. Florida Power and Light Co., Order No. 9259 (Feb. 26, 1980), two utility customers sought to have the PSC terminate or modify the PSC order approving the subject territorial agreement. The City of Homestead, seeking dismissal of the complaint, acknowledged that the PSC had jurisdiction over the agreement and that the agreement was governed by section 366.04(2), Florida Statutes (1979). The PSC dismissed the complaint and this Court denied certiorari. Accursio v. Mayo, 389 So.2d 1002 (Fla. 1980).
On May 11, 1988, the city notified FPL in writing that the territorial agreement would be terminated effective August 7, while acknowledging that the agreement contains no express provision setting forth the period during which it should remain in effect. FPL objected to the city's action, arguing that the agreement has perpetual duration until modified or terminated by the PSC. The city maintained that the parties never intended for the agreement to be perpetual and that it is therefore terminable upon the giving of reasonable notice, which they had given. On July 22, FPL filed an administrative Petition for Declaratory Statement with the PSC, seeking a declaratory statement with respect to the rights and obligations of the parties to the territorial agreement. On August 1, before the commencement of the PSC hearing, the city filed an action in the Dade County Circuit Court seeking a declaration of rights and a construction of the agreement. FPL subsequently filed a motion to dismiss and a motion to abate in the circuit court, both of which were denied.
The PSC asserts that the city is seeking to have the circuit court modify the PSC order approving the instant territorial agreement. It argues that it has exclusive jurisdiction to modify its own orders and that we should grant a writ of prohibition preventing the circuit court from taking further action in this matter.
The question to be resolved is whether the PSC has exclusive jurisdiction to modify or terminate territorial agreements which it has expressly approved by orders of the commission. The City of Homestead, relying in part on City Gas Co. v. Peoples Gas System, Inc., 182 So.2d 429 (Fla. 1965), argues that the circuit court has subject matter jurisdiction under chapter 86, Florida Statutes (1987), to construe, interpret, and adjudicate issues concerning the provisions of the contract. City Gas involved a territorial agreement between two gas companies, and the principal argument concerned the enforceability of the agreement. The PSC had approved the agreement, stating in its order:
"Obviously, any agreement between two gas utilities which has for its purpose the establishing of service areas between the utilities will, in effect, limit to some extent the Commission's power to require additions and extensions to plant and equipment reasonably necessary to secure adequate service to those reasonably entitled thereto. In our opinion, such a limitation can have no validity without the approval of this Commission."
182 So.2d at 436. The trial court held that the agreement was invalid under the Florida anti-monopoly statute, stating that, in the absence of specific statutory authority, the PSC lacked the power to approve this type of agreement. We reversed the trial court and expressly upheld the PSC's authority to approve such an agreement and *1212 to merge it into a commission order, stating:
In short, we are of the opinion that the commission's existing statutory powers over areas of service, both expressed and implied, are sufficiently broad to constitute an insurmountable obstacle to the validity of a service area agreement between regulated utilities, which has not been approved by the commission.
... .
By substantially the same reasoning, we also conclude that the commission has adequate implied authority under Ch. 366 to validate such agreements as the one before us. Indeed, we agree with the North Carolina court that the practical effect of such approval is to make the approved contract an order of the commission, binding as such upon the parties. Duke Power Co. v. Blue Ridge Elec. Membership Corp., 253 N.C. 596, 117 S.E.2d 812, 817 (1961).
Id. (emphasis added). We reject the City of Homestead's argument that this case is authority for circuit court jurisdiction in the instant cause. To the contrary, it establishes clear commission authority over these territorial agreements.
We also addressed the question of the PSC's power over territorial agreements in People's Gas System, Inc. v. Mason, 187 So.2d 335 (Fla. 1966). In that case, we considered the PSC's ability to modify a previously issued order approving a service area agreement. Although we quashed the modification at issue, we held then and reaffirm now that "the commission may withdraw or modify its approval of a service area agreement, or other order, in proper proceedings initiated by it, a party to the agreement, or even an interested member of the public." Id. at 339.
Clearly, the underlying purpose of this instant circuit court action is to change the boundaries of the territorial agreement and to change the utility which should serve customers in the affected territories. The law is clear that the PSC has had the implicit power to approve and to modify territorial agreements since before the parties executed the instant agreement. People's Gas System; City Gas Co. Subsequently, in 1974, the Florida Legislature made the implicit authority explicit by enacting chapter 74-196, Laws of Florida. As a result, under section 366.04(2)(d), Florida Statutes (1989), the PSC now has the express authority "[t]o approve territorial agreements between and among rural electric cooperatives, municipal electric utilities, and other electric utilities under its jurisdiction. However, nothing in this chapter shall be construed to alter existing territorial agreements as between the parties to such agreements." In addition, under chapter 89-292, section 2, Laws of Florida (to be codified at section 366.04(2)(e), Florida Statutes (1989)), the PSC has the power "[t]o resolve, upon petition of a utility or on its own motion, any territorial dispute involving service areas between and among rural electric cooperatives, municipal electric utilities, and other electric utilities under its jurisdiction." We note that the City of Homestead has expressly acknowledged that the PSC has jurisdiction over this territorial agreement, and it has sought enforcement of the agreement under section 366.04(2). See Accursio v. Florida Power and Light Co.
We conclude that the purpose of the action brought by the City of Homestead in the circuit court is to modify the territorial agreement between it and FPL. We find that the agreement has no existence apart from the PSC order approving it and that the territorial agreement merged with and became a part of Florida Public Service Commission Order No. 4285. Any modification or termination of that order must first be made by the PSC. The subject matter of the order is within the particular expertise of the PSC, which has the responsibility of avoiding the uneconomic duplication of facilities and the duty to consider the impact of such decisions on the planning, development, and maintenance of a coordinated electric power grid throughout the state of Florida. The PSC must have the authority to modify or terminate this type of order so that it may carry out its express statutory purpose.
*1213 Accordingly, we hold that the circuit court is without jurisdiction to conduct further proceedings in City of Homestead v. Florida Power and Light Co. and that the PSC has exclusive jurisdiction over the instant PSC order, with which the territorial agreement has merged. As we stated in our opinion in State ex rel. McKenzie v. Willis, 310 So.2d 1, 3 (Fla. 1975):
No concurrent or cumulative power of direct review of Commission action by the Circuit Courts has been provided by general law under the limitations in Section 5(b) of Article V of the State Constitution.
The controversies ... are resolvable by the Commission within its jurisdiction subject to review by the Supreme Court. They do not lie within the jurisdiction of the Circuit Courts.
As in McKenzie, we will not issue the writ of prohibition, as we are confident that the respondent will comply with the views which we have expressed herein.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.