569 So.2d 1253 (1990)
FLORIDA PUBLIC SERVICE Commission, Petitioner,
v.
Fred L. BRYSON, Judge, et al., Respondents.
No. 75575.
Supreme Court of Florida.
November 8, 1990.
Susan F. Clark, General Counsel, and Michael A. Palecki, Staff Counsel, Florida *1254 Public Service Com'n, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Harry F. Chiles, Asst. Atty. Gen., Tallahassee, and David B. McEwen of Stolba, Verona, Shames, McEwen & Driscoll, P.A., St. Petersburg, for respondents.
BARKETT, Justice.
We have before us an original proceeding in which the Public Service Commission ("PSC") petitions this Court to issue a writ of prohibition against judges of the Sixth Judicial Circuit, Pinellas County, to bar further proceedings in the matter of H. Geller Management Corp. v. Public Service Commission, No. 89-18332-13. The petition poses the question of whether the circuit court had jurisdiction to enjoin the PSC from reviewing a consumer's complaint that a management company overcharged a condominium unit owner for gas and electricity. We hold that the circuit court had no jurisdiction to proceed in this matter.[1]
H. Geller Management Corp. ("Geller") contracted a service and maintenance agreement with Terrace Park of Five Towns, a condominium association. John F. Falk ("Falk") owns a condominium unit at Terrace Park and pays Geller for its management services, including the provision of gas and electricity. In August 1988, Falk filed a complaint with the PSC alleging that Geller overcharged him. Falk claimed that Geller bought gas and electricity from public utilities and then, contrary to law, resold those resources to individual customers at a profit. The PSC apprised Geller of the complaint and said it intended to hold an informal conference pursuant to the Florida Administrative Code. Geller denied the allegation, claiming that it did not resell the resources  it merely used indices to determine maintenance fee increases. After some delay, the PSC scheduled an informal conference to be held on November 27, 1989, in St. Petersburg, Florida.
Before the conference could be held, Geller filed a complaint in the circuit court seeking an injunction to stop the PSC from proceeding on the ground that the PSC had no jurisdiction. Geller also sought a writ of prohibition against the PSC and a declaratory judgment to declare that Geller is not a utility within the PSC's jurisdiction. Over the PSC's objection, the circuit court entered a temporary injunction on November 17, 1989, and denied a subsequent motion to dissolve the injunction. The PSC then filed a petition for a writ of prohibition in this Court to prohibit the circuit court from conducting further proceedings, and to order the circuit court to dismiss the complaint.[2] The PSC also filed an interlocutory appeal in the Second District Court of Appeal, but it moved that court to stay its proceedings pending the outcome here.[3]
The PSC derives its authority solely from the legislature, which defines the PSC's jurisdiction, duties, and powers. See, e.g., United Tel. Co. v. Public Serv. Comm'n, 496 So.2d 116, 118 (Fla. 1986). In section 366.04(1) of the Florida Statutes (1987), the legislature granted the PSC exclusive jurisdiction over matters respecting the rates and service of public utilities:

[T]he commission shall have jurisdiction to regulate and supervise each public utility with respect to its rates and service... . The jurisdiction conferred upon the commission shall be exclusive and superior to that of all other boards, agencies, political subdivisions, municipalities, towns, villages, or counties, and, in case of conflict therewith, all lawful acts, orders, rules, and regulations of the commission shall in each instance prevail.
*1255 Id. (emphasis supplied). The legislature defined "public utility" as "every person, corporation, partnership, association, or other legal entity ... supplying electricity or gas ... to or for the public within this state." § 366.02(1), Fla. Stat. (1987).
The parties in interest agree that the PSC has no jurisdiction if Falk's complaint does not concern the (1) rates and service of (2) a public utility. The question is who decides whether Falk's complaint is within the PSC's jurisdiction. The PSC argues that it alone is obliged to make that jurisdictional determination, subject to appeal to this Court, and that the circuit court may not intervene. Geller argues that the PSC's own order in In re Sale Of Electricity To Be Resold, Order No. 4874, 34 Fla. Supp. 40 (F.P.S.C. 1970), precluded it from asserting jurisdiction.
The PSC has the authority to interpret the statutes that empower it, including jurisdictional statutes, and to make rules and issue orders accordingly. See PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla. 1988) (approving the PSC's determination that the sale of electricity to a single customer makes the provider a "public utility" subject to PSC jurisdiction pursuant to section 366.02(1), Florida Statutes (1985)); Fletcher Properties, Inc. v. Florida Pub. Serv. Comm'n, 356 So.2d 289, 292 (Fla. 1978) (approving the PSC's determination that a management company is a "utility" within the PSC's regulatory jurisdiction). It follows that the PSC must be allowed to act when it has at least a colorable claim that the matter under consideration falls within its exclusive jurisdiction as defined by statute. If the PSC is alleged to have acted without jurisdiction, it is the duty of the appellate court to review the allegation and to correct the PSC's error if one was made. See United Tel. Co., 496 So.2d at 118 (quashing PSC orders because no statutory authority permits the PSC to interfere with a contract between private parties). Neither general law nor the constitution provides the circuit court concurrent or cumulative power of direct review of PSC action. Public Serv. Comm'n v. Fuller, 551 So.2d 1210, 1213 (Fla. 1989); State ex rel. McKenzie v. Willis, 310 So.2d 1, 3 (Fla. 1975). Hence, the circuit court may not intervene where there is at least a colorable claim that the PSC properly asserted jurisdiction over a cause. See Fuller, 551 So.2d at 1210 (the circuit court had no jurisdiction to invalidate an electric power territorial agreement that had been approved by the PSC as an exercise of its exclusive jurisdiction); Willis, 310 So.2d at 1 (the circuit court had no jurisdiction to entertain lawsuits concerning noncompetitive agreements between common carriers regulated by the PSC).
The PSC in this case relied on the language in sections 366.04(1) and 366.02(1) as the basis of its jurisdiction. The PSC found additional support in Fletcher Properties, Inc. where the Court approved the PSC's conclusion that the managing agent and part owner of a private residential community in Jacksonville was a "utility" under the PSC's jurisdiction pursuant to chapter 367 of the Florida Statutes (1975) because of its operations relating to water and sewer service. The PSC's analysis approved by this Court said PSC jurisdiction is particularly appropriate where the company provides utility services to condominium units and others not tenants of the company. Fletcher Properties, Inc., 356 So.2d at 292.
Additionally, the PSC in this case relied on Florida Administrative Code Rule 25-6.049(6)(b), which the PSC promulgated pursuant to its statutory authority. That rule instructs:
(b) Any fees or charges collected by a customer of record for electricity billed to the customer's account by the utility, whether based on the use of sub-metering or any other allocation method, shall be determined in a manner which reimburses the customer of record for no more than the customer's actual cost of electricity.

(Emphasis supplied.)
Nonetheless, Geller argues that the PSC was precluded from asserting jurisdiction by its own order, which in 1970 held that "a landlord does not become a public utility under chapter 366 by virtue of his reselling *1256 electricity to his tenants." In re Sale Of Electricity To Be Resold, 34 Fla. Supp. at 45. However, the PSC asserted in oral argument that rule 25-6.049(6)(b), combined with Fletcher Properties, Inc., effectively overruled In re Sale Of Electricity To Be Resold. Certainly it is within the PSC's authority to recede from or overrule its own orders.
We conclude that the PSC had, at the very least, a colorable claim of exclusive jurisdiction to consider allegations that a management company overcharged a condominium owner for gas and electricity. If Geller wishes to contest the PSC's jurisdiction, the proper vehicle would be by direct appeal to this Court after the PSC has acted. Fuller, 551 So.2d at 1210; United Tel. Co., 496 So.2d at 116; Fletcher Properties, Inc., 356 So.2d at 289; Willis, 310 So.2d at 1; see art. V, § 3(b)(2), Fla. Const. ("When provided by general law," this Court "shall review action of statewide agencies relating to rates or service of utilities providing electric, gas, or telephone service"); Fla.R.App.P. 9.030(a)(1)(B)(ii); § 350.128(1), Fla. Stat. (1987).
Accordingly, we find that the circuit court does not have jurisdiction to act in the matter of H. Geller Management Corp. v. Public Service Commission, No. 89-18332-13. Thus, the injunction entered in this cause should be vacated and the case dismissed. As in Fuller and Willis, we find no need to issue the writ of prohibition because we are confident that the respondent judges will act in a manner consistent with the views expressed in this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(7) of the Florida Constitution.
[2] The PSC's petition for a writ of prohibition asks us to expedite our review.
[3] At the outset, we reassert that our duty in this cause is to determine only whether the circuit court has jurisdiction to intervene in the matter pending before the PSC. We do not attempt to resolve in this opinion any other issues raised by the parties in interest. See Moffitt v. Willis, 459 So.2d 1018, 1021 (Fla. 1984); State ex rel. McKenzie v. Willis, 310 So.2d 1, 3 (Fla. 1975).