PLEUS, J.
Elizabeth S. Corso and others sued Utilities, Inc., alleging that Utilities, Inc., breached an agreement to provide water and wastewater service at the rates provided for in their 1961 agreement.
Utilities, Inc. seeks a writ of prohibition claiming that the circuit court has no jurisdiction over the case because the Public Service Commission (“PSC”) has exclusive jurisdiction. We find that Utilities, Inc. is correct in its assertion that the PSC has jurisdiction over the matter and that a writ of prohibition should be granted.
The relevant statute in this case is section 867.011, Florida Statutes (2001), entitled, “Jurisdiction; legislative intent.” It reads:
(1) This chapter may be cited as the “Water and Wastewater System Regulatory Law.”
(2) The Florida Public Service Commission shall have exclusive jurisdiction over each utility with respect to its authority, service, and rates.
[[Image here]]
(4) This chapter shall supersede all other laws on the same subject, and subsequent inconsistent laws shall supersede this chapter only to the extent that they do so by express reference. This chapter shall not impair or take away vested rights other than procedural rights or benefits.
In H. Miller & Sons, Inc. v. Hawkins, 373 So.2d 913 (Fla.1979), H. Miller & Sons, Inc., was a developer operating in Broward County. The respondent, Cooper City Utilities, Inc., was a private water and sewer utility located in Broward County. The utility company entered into an agreement where it was to provide sufficient water and sewer plant capacity for a projected 500-unit development.
The developer agreed to pay a per-unit charge of $250. The PSC later authorized $275 as combined water and sewer service availability charges. The utility company billed the developer accordingly. The developer paid the increase under protest. However, the PSC ruled that the developer was responsible for the increased *1161 charges. The Florida Supreme Court affirmed, holding that contracts with public utilities were made subject to the reserved authority of the state and that in exercising its ratemaking authority, the PSC must take into account existing facts which will affect future rates.
We perceive the issue here to be a dispute between the parties relating to the rates and charges for water and wastewater utility services which dispute is within the exclusive jurisdiction of the PSC. See Sandpiper Homeowners Ass’n v. Lake Yale Corp., 667 So.2d 921, 926 (Fla. 5th DCA 1996); Florida Power Corp. v. Advance Mobile Homes, Inc., 386 So.2d 897 (Fla. 5th DCA 1980).
Prohibition is the proper remedy when a circuit court has wrongly taken jurisdiction of matters which are properly the province of the PSC. See, e.g., Florida Public Serv. Comm’n v. Bryson, 569 So.2d 1253 (Fla.1990). In Bryson, the PSC petitioned for writ of prohibition against the circuit court to bar further proceedings in a suit contesting its jurisdiction over a complaint that a condominium management company overcharged a condominium unit owner for gas and electricity. The supreme court held that the circuit court lacked jurisdiction to proceed in the matter. See also Public Serv. Comm’n v. Fuller, 551 So.2d 1210 (Fla.1989); State ex rel. McKenzie v. Willis, 310 So.2d 1 (Fla.1975); Lake Worth Utils. Auth. v. Barkett, 433 So.2d 1278 (Fla. 4th DCA 1983).
Accordingly, we grant the petition for writ of prohibition.
PETERSON and SAWAYA, JJ., concur.