SALTER, J.
The appellants are certain individual property owners on No Name Key in Monroe County, and the County itself. Other No Name Key property owners and the Utility Board of the City of Key West (doing business as “Keys Energy Services”) are the appellees. The legal issue presented to the circuit court and here is whether the County and private landowners may obtain judicial (declaratory and injunctive) relief establishing that the prospective electrification of No Name Key is regulated — or even precluded — by the Coastal Barrier Resources Act[1] and the County’s policies and regulations adopted pursuant to that Act. Concluding that the Florida Public Service Commission has exclusive jurisdiction to decide the issues raised by the appellants, we affirm the circuit court judgment dismissing the complaint with prejudice for lack of jurisdiction.

The Complaint and Motion to Dismiss

In the complaint, Monroe County sued Keys Energy Services (KES) and the individual owners of forty-three developed properties on No Name Key. The County alleged that KES had the exclusive power and authority to extend electric service to the residences on .No Name Key owned by the individual defendants, and that a number of the property owners and KES were nearly ready to move from the design stage to actual installation. The County asked the circuit court to determine *80 whether KES has the authority to extend the utility lines to the residences on No Name Key (Count I), and whether the property owners have the right to connect their homes to the KES lines despite an express prohibition in the Monroe County Code (Count II).[2] In Count III of its complaint, the County sought temporary and permanent injunctive relief prohibiting KES and the property owners from “expending any funds or taking any steps toward the extension of electric service to No Name Key,” in furtherance of the declaratory judgments sought in Counts I and II.
The individual appellees, homeowners on No Name Key, were among the defendant property owners who applied to KES for electrical service. These appellees moved for the dismissal of Monroe County’s complaint on grounds that the Florida Public Service Commission (PSC) has exclusive jurisdiction to enforce, regulate, and resolve the issues raised by the County. The motion was briefed,[3] argued, and ultimately granted (with prejudice) by the circuit court. This appeal followed. Analysis
Although KES is not a “public utility” within the definition of section 366.02(1), Florida Statutes (2011), it is an “electric utility” under the subsection which follows, section 366.02(2). Section 366.04, “Jurisdiction of commission,” in subsection (5), grants the PSC jurisdiction over “the planning, development, and maintenance of a coordinated electric power grid throughout Florida to assure an adequate and reliable source of energy for operational and emergency purposes in Florida and the avoid-anee of further uneconomic duplication of generation, transmission, and distribution facilities.” To that end, the homeowner appellees filed an administrative complaint with the PSC seeking the extension of electrical transmission lines to the No Name Key property owners.[4]
As a threshold matter, and as the State entity charged by law with planning and regulating the generation and transmission of electrical power throughout Florida, the PSC is to determine its own jurisdiction. Fla. Pub. Serv. Comm’n v. Bryson, 569 So.2d 1253 (Fla.1990). Although Bryson involved a public utility, the case holds that “the PSC must be allowed to act when it has at least a colorable claim that the matter under its consideration falls within its exclusive jurisdiction as defined by statute.” Id. at 1255. Any claim by the County or by the appellant homeowners that the PSC does not have jurisdiction may be raised before the PSC and, if unsuccessful there, by direct appeal to the Florida Supreme Court. Art. V, § 3(b)(2), Fla. Const.
The appellees and the PSC also have argued, and we agree, that KES’s existing service and territorial agreement (approved by the PSC in 1991) relating to new customers and “end use facilities” is subject to the PSC’s statutory power over all “electric utilities” and any territorial disputes over service areas, pursuant to section 366.04(2)(e), Florida Statutes (2011). The PSC’s jurisdiction, when properly invoked (as here), is “exclusive and superior to that of all other boards, agencies, political subdivisions, municipali *81 ties, towns, villages, or counties.” § 366.04(1). Section 4.1 of the 1991 KES territorial agreement approved by the PSC expressly acknowledges the PSC’s continuing jurisdiction to review in advance for approval or disapproval any proposed modification to the agreement.

Conclusion

The Florida Legislature has recognized the need for central supervision and coordination of electrical utility transmission and distribution systems. The statutory authority granted to the PSC would be eviscerated if initially subject to local governmental regulation and circuit court injunctions of the kind sought by Monroe County in the case at hand. The appellants do retain, however, the right to seek relief before the PSC, and we express no opinion as to the merits of any such claims by the appellants in that forum.
The circuit court’s order dismissing the County’s complaint with prejudice is affirmed.

. 16 U.S.C. §§ 3501-3510.

. Monroe County Code § 130-122 (purporting to prohibit the extension of electric utilities to properties within the Coastal Barrier Resources System overlay).

. The PSC was allowed to participate as ami-cus curiae in the circuit court and here.

.In re: Complaint of Reynolds v. Utility Bd. of the City of Key West, Fla., etc., PSC Docket No. 1210054-EI.