# Supreme Court of Florida

---

No. SC20-1225

---

**MINTZ TRUPPMAN, P.A., etc.,**
Petitioner,

vs.

**COZEN O'CONNOR, PLC, et al.,**
Respondents.

August 25, 2022

COURIEL, J.

The question in this case is whether the Third District Court of Appeal in *Cozen O'Connor, PLC v. Mintz Truppman, P.A.*, 306 So. 3d 259 (Fla. 3d DCA 2020), did the right thing when it issued a writ of prohibition to prevent a circuit court from exercising jurisdiction over claims that, one party says, the other party was collaterally estopped from advancing.[1]  We decide that it did not.

---

1.  We have jurisdiction.  Art. V, § 3(b)(3), Fla. Const.

Daphne Query had a pipe burst in her home, causing substantial damage. She hired Mintz Truppman, P.A. (Mintz) to represent her in a lawsuit against Lexington Insurance Company (Lexington), which was represented by Cozen O'Connor, PLC (Cozen). Lexington removed the case to the United States District Court for the Southern District of Florida, and the parties decided to settle. The judge overseeing the case approved the settlement and "retain[ed] jurisdiction to enforce the terms of the settlement and to determine the amount of attorneys' fees." Amended Final Order of Dismissal at 1, *Query v. Lexington Ins. Co.*, No. 15-21951 (S.D. Fla. July 1, 2016) (Amended Final Order of Dismissal). When Query and Lexington could not settle their dispute about attorney's fees at mediation, they submitted it to the court for resolution.

Mintz argued that it was entitled to $828,056 in fees. As a basis for this demand, the firm stated that Lexington agreed to pay Query 100% of her losses from the property damage she sustained, that is, $125,000.[2] Lexington and Cozen denied that Query

---

2. That sure sounds like the kind of result only a lawyer could love. Mintz calculated its request for attorney's fees using the

received 100 percent of what she demanded. To prove their point, Lexington and Cozen filed Query's initial settlement demand, which had apparently asked for more,[3] with the court—a fateful decision.

Two weeks later, Mintz filed this lawsuit in state court, arguing essentially that Lexington and Cozen had violated the confidentiality requirements applicable to the mediation by filing

---

"lodestar method": "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate," with the rate determined by twelve factors, such as "the novelty and difficulty of the question" and "the skill requisite to perform the legal service properly," which are listed in the American Bar Association's *Model Rules of Professional Conduct,* rule 1.5 (2021). *See Fla. Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla. 1985) (citing Fla. Code of Pro. Resp. DR 2-106(b) (1977)); *Hensley v. Eckerhart,* 461 U.S. 424, 430 n.3 (1983) (citing Model Code of Pro. Resp. DR 2-106 (Am. Bar Ass'n 1980)). The firm said one lawyer did 285.6 hours of work at a rate of $680 per hour, another did 36.1 hours at $250 per hour, another did 175.4 hours at $575 per hour, and another did 191.2 hours at $575 per hour—so, $414,028. Mintz asked the court to then double that because, by representing Query in exchange for fees contingent on the outcome of the case, it undertook significant risk. *See Fla. Patient's Comp. Fund,* 472 So. 2d at 1151 ("When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee."); *see also Standard Guar. Ins. Co. v. Quanstrom,* 555 So. 2d 828, 834 (Fla. 1990) ("[I]f the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.").

3. How much, we cannot confidently say based on the record before us.

Query's initial settlement demand. Lexington and Cozen each moved to dismiss the case, and the circuit court denied the motions without elaboration. Then Lexington and Cozen went to the Third District Court of Appeal for relief: Cozen filed a petition for a writ of prohibition or a writ of certiorari, which Lexington joined. They argued that the circuit court had exceeded its jurisdiction when it entertained an issue that had been pled by a party without standing,[4] and had, anyway, already been resolved in federal court—that is, Cozen's collateral estoppel defense.[5] Lexington petitioned for a writ of certiorari,[6] arguing that the circuit court

---

4. Cozen argued that Mintz was not a "party" to the Query-Lexington mediation, so it did not have access to the remedies that section 44.406 offers "part[ies]" for breaches of mediation confidentiality. § 44.406(1), Fla. Stat. ("Any mediation participant who knowingly and willfully discloses a mediation communication in violation of s. 44.405 shall, upon application *by any party* to a court of competent jurisdiction, be subject to remedies . . . ." (emphasis added)).

5. Even though Mintz, in this state court litigation, invokes questions of mediation confidentiality that it did not raise in federal court, Cozen argues that the "gravamen of Mintz's state court action is to recover additional attorneys' fees." *Cozen*, 306 So. 3d at 263.

6. In Florida, the common law writ of certiorari allows circuit courts and district courts of appeal to review nonfinal orders of lower tribunals. Art. V, §§ 4(b)(3), 5(b), Fla. Const.; Fla. R. App. P. 9.030(b)(2), (c)(2). Appellate review is not available for most

- 4 -

departed from the essential requirements of the law by refusing to dismiss Mintz's claims. Lexington, like Cozen, argued that Mintz lacked standing to bring its claims, but it also said it was immune to suit because it filed Query's settlement demand during the course of a judicial proceeding. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("[W]e find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.").

The Third District agreed with Lexington and Cozen on the collateral estoppel defense and dismissed all their other arguments as moot. *Cozen*, 306 So. 3d at 263. The court explained it had "little difficulty concluding that Lexington and Cozen [had] established each of the four elements of collateral estoppel." *Id.* at

---

nonfinal orders; writs of certiorari are thus an "extraordinary remedy" and may be granted for review of a nonfinal order only when the order, departing from the "essential requirements of law," will injure a party such as to leave "no adequate remedy on appeal." *Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1098-99 (Fla. 1987), *superseded by statute on other grounds*, § 768.72, Fla. Stat. (2021)*.*

265.[7]  Based on that conclusion, the Third District held that the circuit court lacked jurisdiction to adjudicate Mintz's claims, and it issued a writ of prohibition to prevent the circuit court from proceeding.  *Id.*

Mintz appealed to this Court.

## II

Prohibition is an extraordinary writ, extremely narrow in scope, by which a superior court may prevent an inferior court from exceeding its jurisdiction.  *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977); *see also State ex rel. B. F. Goodrich Co. v. Trammell*, 192 So. 175, 176 (Fla. 1939) ("[T]he writ of prohibition is that process by which an inferior court is restrained by a superior court from

---

7.  The Third District outlined the following four elements:

1) [T]he issue at stake is identical to the one involved in the prior litigation; 2) the issue has been actually litigated in the prior suit; 3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and 4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Cozen*, 306 So. 3d at 264 (quoting *Baxas Howell Mobley, Inc. v. BP Oil Co.*, 630 So. 2d 207, 209 (Fla. 3d DCA 1993)).

usurping jurisdiction over parties or subject matter with which it has not been vested by law, or when action is threatened which would be in excess of and beyond its jurisdiction.").

We have consistently said that the purpose of the writ is to prevent a court's action beyond the scope of its jurisdiction, not to correct an erroneous exercise of jurisdiction. *See McCrary*, 348 So. 2d at 296-97 ("It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done."); *State ex rel. Sarasota Cnty. v. Boyer*, 360 So. 2d 388, 391-92 (Fla. 1978) ("Prohibition is preventive and not corrective. It cannot be used to revoke an order already entered.") (footnote omitted); *State ex rel. R. C. Motor Lines, Inc. v. Boyd*, 114 So. 2d 169, 170 (Fla. 1959) ("We have several times announced that prohibition is a preventive rather than a corrective remedy. . . . The very name of the writ suggests its proper use. It is used to prohibit the doing of something, rather than to compel the undoing of something already done."); *State ex rel. Jennings v. Frederick*, 189 So. 1, 3 (Fla. 1939) ("It appears well

- 7 -

settled that, 'Another distinguishing feature of the writ is that it is a preventive rather than a corrective remedy, and it issues only to prevent the commission of a future act, and not to undo an act already performed.' " (citing James L. High, *A Treatise on Extraordinary Legal Remedies, Embracing Mandamus, Quo Warranto, and Prohibition* § 766 (3d ed. 1896))).

That is not how the writ of prohibition was used here. The Third District undid the trial court's exercise of jurisdiction in denying Lexington's and Cozen's motions to dismiss on the basis of an affirmative defense. That matters because, were we to permit litigants to seek prohibition in every case in which a trial judge denies a motion to dismiss based on collateral estoppel, res judicata, or any other affirmative defense,[8] the writ could be used to end-run our rules on appeals generally and interlocutory appeals in particular. Florida's district courts may review only those

---

8. "An affirmative defense is a defense which admits the cause of action, but avoids liability, in whole or in part, by alleging an excuse, justification, or other matter negating or limiting liability." *State Farm Mut. Auto. Ins. Co. v. Curran*, 135 So. 3d 1071, 1079 (Fla. 2014) (quoting *St. Paul Mercury Ins. Co. v. Coucher*, 837 So. 2d 483, 487 (Fla. 5th DCA 2002)).

interlocutory orders allowed by the rules of this Court. Art. V, § 4(b)(1), Fla. Const. We have found only some categories of nonfinal orders, such as those concerning venue or personal jurisdiction, appropriate for interlocutory appeal. Fla. R. App. P. 9.130. Here, rule 9.130 would likely bar interlocutory appeal of the circuit court's nonfinal order denying Lexington's and Cozen's motion to dismiss. *See Bd. of Cnty. Commr's of Madison Cnty. v. Grice*, 438 So. 2d 392, 394 (Fla. 1983) ("An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is." (citing *Gries Inv. Co. v. Chelton*, 388 So. 2d 1281, 1282 (Fla. 3d DCA 1980) ("An order granting a motion to dismiss is not final and not appealable."))).

In the cases where we have found a writ of prohibition to be an appropriate remedy, it has not been deployed to reverse a trial court's order on the merits of a case on the basis of an affirmative defense. We have found it properly issued where a court has proposed to act in excess of its subject matter jurisdiction. For example, in *Nicoll v. Baker*, 668 So. 2d 989 (Fla. 1996), we found that the Second District Court of Appeal was right to issue the writ where a claim for alimony was not cognizable under the Uniform

- 9 -

Reciprocal Enforcement of Support Act, section 88.031, Florida Statutes (1993), and thus the circuit court lacked jurisdiction to enforce it. 668 So. 2d at 989.

Similarly, in *State ex rel. McKenzie v. Willis*, 310 So. 2d 1 (Fla. 1975), we held that a writ of prohibition was properly issued to protect the Florida Public Service Commission's "judicial or quasi-judicial powers" as provided by statute from an action in circuit court—again, addressing a matter of limited subject matter jurisdiction. *Id.* at 3 ("The controversies involved in the two suits are resolvable by the Commission within its jurisdiction subject to review by the Supreme Court. They do not lie within the jurisdiction of the Circuit Courts.").

The Third District's issuance of the writ here is different; it is closer to what we described in *McCrary* as an order "to compel the undoing of something already done" by the trial court in the exercise of a matter within its subject matter jurisdiction. 348 So. 2d at 297. The fact that it comes to us on review of the denial of a motion to dismiss is not alone dispositive—*Nicoll* did, too. *Nicoll*, 668 So. 2d at 989. That procedural reality, plus the fact that the

writ was used here to revisit the trial court's weighing of an affirmative defense, made its issuance improper.

### III

We therefore quash the decision below and remand to the Third District with instructions to deny Lexington's and Cozen's claims for a writ of prohibition and adjudicate the arguments for certiorari that it previously declared moot.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LAWSON, and GROSSHANS, JJ., concur.
LABARGA, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal
    Direct Conflict of Decisions

    Third District – Case Nos. 3D18-1975 and 3D18-1976

    (Miami-Dade County)

Timothy H. Crutchfield of Mintz Truppman, P.A., North Miami, Florida,

    for Petitioner

Charles C. Kline and Reid Kline of Cozen O'Connor, Miami, Florida,

    for Respondents Cozen O'Connor, P.C. and John David Dickenson

Thomas E. Scott and Alexandra Valdes of Cole Scott & Kissane, P.A., Miami, Florida,

for Respondent Lexington Insurance Company